PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS
QUINTANA REYES, Defendant and Appellant.

No. 4355.  Argued May 26, 1931.—Decided November 21, 1932.

**38**

*Manuel A. Martínez Alvarez* and *R. Díaz Collazo* for appellant.
*R. A. Gómez* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This appeal has been taken by Andrés Quintana Reyes from a judgment which sentenced him to three years in the penitentiary at hard labor as a result of the verdict of guilty returned by the jury before which the case was tried.

The information charged that the appellant, during the month of October, 1929, unlawfully, wilfully, and maliciously stole, removed, and secreted from the office of the clerk of the District Court of San Juan a motion entitled "Motion to require of the sureties the return and delivery of the truck the object of this suit and the payment of damages," which document was deposited in said public office to be attached to the record of Civil Case No. 1182, entitled "Quintana and Borges *v.* Rafael Porras and Juana Martín," concerning performance of contract and other matters. It is also stated in the information that the said Andrés Quintana Reyes, before the commission of the act with which he is now charged, was convicted on April 8, 1908, by the District Court of the United States for Puerto Rico of the crime of presenting a forged postal money order for payment at a post office of the United States, knowing the same to be forged, and was sentenced for said crime to two years and six months at hard labor, which sentence he served in the penitentiary at San Juan, Puerto Rico.

One of the grounds urged by the appellant in support of this appeal is that the judgment is contrary to the evidence, and likewise contrary to law. In order to determine this question, we must make a summary of the evidence presented at the trial.

It appears from the evidence for the prosecution that on March 28, 1926, Quintana & Borges, an agricultural civil partnership consisting of Andrés Quintana Reyes and Juan S. Borges, filed a verified complaint in the District Court of

San Juan, under No. 1182, against Rafael Porras and Juana Martín, praying that the latter be ordered to perform a contract whereby they sold a Day Elder truck to the plaintiff partnership. It was alleged in the complaint that the defendants lived in concubinage under the same roof, that Rafael Porras held himself out as the owner of the truck and had it in his garage, and that the transaction was a conditional sale. In that suit, the partnership Quintana & Borges obtained the provisional delivery of the truck upon the filing of a bond in the amount of $1,500 subscribed by Andrés Quintana Reyes and Enrique Rincón Plumey. On November 29, 1926, a supplemental complaint was filed for the only purpose of establishing that the partnership Quintana & Borges was dissolved on July of that year, the managing and contributing partner, Andrés Quintana Reyes, being designated as liquidator. The judgment which ended the suit on March 5, 1927, dismissed the complaint, and one of its grounds was that the evidence showed that the truck was owned by Juana Martín, in whose name it was recorded in the Department of the Interior, the other defendant, Porras, being its manager in the operation and lease of said vehicle. It was not proven to the satisfaction of the court that the defendants lived in concubinage as husband and wife. Quintana & Borges appealed from said judgment to this Supreme Court but afterwards the record of the case could not be found in the District Court, and the appeal was dismissed. Thereafter, such record was reconstructed at the request of the defendant Porras, who filed in the clerk's office a motion for the return and delivery by the sureties of the truck the object of the action, which motion has given rise to the criminal proceeding herein.

The prosecution also offered the testimony of several witnesses. Rafael Burgos, against whom the partnership Quintana & Borges filed the action, limited himself to a statement of the transaction which took place between him,

Juan S. Borges, and Andrés Quintana Reyes, with regard to the Day Elder truck, and said nothing as to whether the appellant had stolen, removed, or secreted said motion. Luis Toro Cabañas is the attorney for the above witness in that suit and stated that the record was lost after judgment; that it was reconstructed at the request of his client; that thereafter, on October 14, 1929, he filed the motion to which this criminal proceeding refers, and that two or three days later he learned from the lady who makes the entries that said motion had been lost, for which reason he prepared it anew; but he stated nothing as regards who caused the motion to disappear. Josefina Naranjo stated that she is employed in the District Court of San Juan and that one of her duties is to enter all motions presented at the clerk's office; that she entered a motion demanding of the sureties the return and delivery of the truck the object of the suit; that she wrote on the motion a filing entry with her signature at the foot thereof; that she placed it in the basket on her desk and asked that the record be brought from the files in order to attach the motion thereto and to report it to the judge because he had to sign an order; that the defendant Quintana came in the afternoon of that day, saw the motion, and upon leaving it, stated that it was of no importance; that on the following day he asked for it again in order to examine it more carefully, and sat on a desk at the clerk's office, within sight of the witness, in order to read it; that thereafter she proceeded with the discharge of her duties and paid no further attention to the motion, and that when the filing clerk took the file to her in the afternoon, she did not find the motion, which was not returned to her personally; that frequently records have been lost there and some reappear after the lapse of some time; that after office hours, any person may take away a motion without having to ask her for it; that nothing is safe there, and that records are on the table and any one may pick up a paper and take it away; that no other person asked her for the motion; that

it has happened that some interested person takes away a document by mistake and thereafter returns it; that this motion did not turn up and was reconstructed.

José Otero, doorkeeper and assistant file clerk of the court, testified that he had seen the defendant many times at the office of the clerk of the court, nearly always early during the working hours of the office; that one day Quintana asked him to show him the motion and the witness pulled the right-hand drawer of the desk and looked for it but failed to find it there, and then said: "See if Mrs. Naranjo has it in her basket"; that Quintana went and looked for it, and then the witness saw defendant seated reading the motion; that he did not see when the latter got up from the place where he was reading it; that a search was made for the motion without it being found; that on other occasions, motions have disappeared and have been reconstructed. Sixto Saldaña, another witness for the prosecution, did not refer at all to the perpetration of the act prosecuted in this case, but limited himself to the identification of the penal record of the appellant for the previous crime, in which record there are shown his photograph and personal circumstances. Said record was offered in evidence by the government. Such is the evidence for the prosecution.

We shall not summarize the evidence offered by the defense because nothing appears therefrom tending to prove the guilt of the appellant.

No direct evidence was offered by the prosecution as to whether the appellant stole, removed, and secreted the motion to which the information refers. We shall not make a new summary of the evidence, but we do state that, at best, it appears therefrom that the appellant, who was one of the sureties required in order that the truck in litigation might be delivered provisionally to the plaintiff, requested that the motion referred to be shown to him at the office of the clerk of the court, and the same was delivered to be read by him. In order to do this, he sat at a desk which was within sight

of all the employees of the court; that he did not personally return it to the employee who delivered it to him; and that in the afternoon of that day the motion could not be found and was reproduced afterwards.

. This evidence is circumstantial. As regards this kind of evidence, this Court has declared, citing Greenleaf, volume 1, section 34, that where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the guilt of the defendant, but inconsistent with any other rational conclusion. *People* v. *Nevárez,* 10 P.R.R. 91, 98. In the instant case, the circumstantial evidence is of such a nature that it does not exclude the theory that the appellant was not the one who stole said motion, as it reasonably permits the conclusion that he placed it in the basket where it previously was, and that afterwards it was lost, as frequently motions and records have been lost in said court, especially since the removal of that motion would be of no benefit to the appellant due to the fact that it could be reconstructed, as it was reconstructed within a few days; this is a circumstance which the appellant should have known as he is a law agent (*agente judicial*), and also because of the fact that the record itself had been previously reconstructed. We think that the evidence is not sufficient to support a judgment of conviction.

The judgment appealed from must be reversed and the defendant acquitted.

Mr. Justice Córdova Dávila took no part in the decision of this case.